JEREMY T. NAFTEL (SBN 185215)
jnaftel@martensonlaw.com
LAUREN B. KALFSBEEK (SBN 322153)
lkalfsbeek@martensonlaw.com
ALEX A. SMITH (SBN 317224)
alexsmith@martensonlaw.com
MARTENSON, HASBROUCK & SIMON LLP
455 Capitol Mall, Suite 400
Sacramento, California 95814
Telephone: (916) 970-1434
Facsimile: (404) 909-8120

Attorneys For Plaintiff
UNIVERSAL PROTECTION SERVICE, LP D/B/A ALLIED UNIVERSAL SECURITY SERVICES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES, <br><br>        Plaintiffs, <br><br>  v. <br><br>AVE SELTSAM, <br><br>        Defendant. | CASE NO.: 4:22-cv-04927-HSG <br><br>**STIPULATED TEMPORARY RESTRAINING ORDER** |

This matter has come before the Court on the motion of Plaintiff Universal Protection Service, LP d/b/a Allied Universal Security Services ("Plaintiff") for a Temporary Restraining Order. Upon the stipulation and agreement of Plaintiff and Defendant Ave Seltsam ("Defendant") (collectively, the "Parties"), the Court hereby enters a Temporary Restraining Order against Defendant.

The Parties have stipulated and agreed to the following: (a) Plaintiff has a strong likelihood of success on its claims against Defendant; (b) Plaintiff will suffer imminent and irreparable harm in the absence of immediate relief; (c) the harm to Plaintiff outweighs the potential harm to Defendant; and (d) the granting of injunctive relief will serve the public interest.

Accordingly, upon stipulation and agreement by the Parties, the Court ORDERS that Defendant, and anyone acting in active concert with Defendant, be temporarily enjoined from violating the terms of the Confidentiality Agreement up to and until the time the Court holds a hearing to show cause why a Preliminary Injunction should not be ordered. Specifically, the Court ORDERS the following:

1. Defendant, and anyone acting in concert with her, is hereby ENJOINED AND RESTRAINED from accessing, using, disclosing, or further misappropriating the Allied Universal trade secrets sent from the email address ave.seltsam@aus.com to the email address aveseltsam@gmail.com and any and all attachments thereto, including but not limited to the following documents (hereinafter collectively the "Documents"):

    i.    The document entitled "[Client A] Contract Security Treated Like Family" emailed by Seltsam to her personal email account on August 24, 2022.

    ii.   The document entitled "Allied Universal Security Services Proposal for [Client B]" emailed by Seltsam to her personal email account on August 23, 2022.

/ / /

|   |   |   |
|---|---|---|
| iii. | | The document entitled "Transition Plan Template – Legal edits blended" emailed by Seltsam to her personal email account on August 22, 2022. |
| iv. | | The document entitled "[Client C] 2023 Budget" emailed by Seltsam to her personal email account on August 19, 2022. |
| v. | | The template communication emails Seltsam sent to her personal email account on August 19, 2022. |
| vi. | | The documents On August 18, 2022, Defendant emailed to her personal email address two documents entitled, "Book1" and "m1" emailed by Seltsam to her personal email account on August 18, 2022. |
| vii. | | The June 2022 email chain discussing Allied Universal's efforts to retain the business of [Client D] emailed by Seltsam to her personal email account on August 18, 2022. |
| viii. | | The documents entitled "2023 Rate Increase Process Kickoff," "Dirty Dozen 2022-Lack of Resources," "AU Training Bulletin – Safe and Tactical Interaction", "WFM-Artificial Cell Closing" and "(vignette) Enterprise Accounts – MSA Security_Response to Threats," and "system-lockout.pdf" emailed by Seltsam to her personal email account on July 22, 2022. |
| ix. | | The document entitled "062022 Lead Reports" emailed by Seltsam to her personal email account on July 18, 2022. |
| x. | | The document entitled "Script," emailed by Seltsam to her personal email account on July 14, 2022. |
| xi. | | A document entitled "Copy of [Client E] Budget" emailed by Seltsam to her personal email account on July 6, 2022. |

///

///

///

3
STIPULATED TEMPORARY RESTRAINING ORDER

      xii.    The email chain entitled "Weekly New Business Report – Privileged" and the attached document entitled "Allied Universal Security Services Revised Pricing Summary" emailed by Seltsam to her personal email account on June 14, 2022.

      xiii.    The documents entitled "[Client F] Parking Coverage – 2018," "[Client F] Rate Schedule 2016-2019 & 2013-2016" and "[Client F] – Rate Comparison 2017" emailed by Seltsam to her personal email account on May 19, 2022.

      xiv.    The document entitled "PIG Leads – Proposals 2022-04-28-12-26-04" emailed by Seltsam to her personal email account on May 5, 2022.

      xv.    The document entitled "[Client G] Budget 2018-2019" emailed by Seltsam to her personal email account on April 28, 2022.

      xvi.    The document entitled "Allied Universal Presentation for [Client H]" emailed by Seltsam to her personal email account on April 25, 2022.

      xvii.    The document entitled "2022.04.18_AUS Service Agreement_[Client I] Comments_AUS 4.20.22 redlines" emailed by Seltsam to her personal email account on April 22, 2022.

      xviii.    The document entitled "Allied Universal Services Agreement for [Client J]" emailed by Seltsam to her personal email account on April 14, 2022.

2. Defendant is ORDERED to turn over for inspection and review all personal and business computers, laptops, external hard drives, flash drives, external devices and phones for forensic review by a computer forensic expert of Plaintiff's choosing, no later than seven (7) calendar days from the date of this Order, to ensure that the Documents are not further used or disseminated; and

3. Defendant is ORDERED to contact counsel for Plaintiffs, no later than seven (7) calendar days from the date of this Order, to arrange a protocol for the

inspection of her personal email account(s) to ensure that the Documents are not further used or disseminated.

This Order shall remain in effect for fourteen days from the date entered, unless the Parties agree to extend the term of the agreement by mutual consent. Plaintiff shall not be required to post any bond or otherwise provide security.

Dated: _____9/9/2022_____

_____
Hon. Haywood S. Gilliam, Jr.
United States District Court for the
Northern District of California