JEREMY T. NAFTEL (SBN 185215)
jnaftel@martensonlaw.com
LAUREN B. KALFSBEEK (SBN 322153)
lkalfsbeek@martensonlaw.com
ALEX A. SMITH (SBN 317224)
alexsmith@martensonlaw.com
MARTENSON, HASBROUCK & SIMON LLP
455 Capitol Mall, Suite 400
Sacramento, California 95814
Telephone:    (916) 970-1434
Facsimile:     (404) 909-8120

Attorneys For Plaintiff
UNIVERSAL PROTECTION SERVICE, LP D/B/A ALLIED UNIVERSAL SECURITY SERVICES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES,<br><br>    Plaintiff,<br><br>    v.<br><br>AVE SELTSAM,<br><br>    Defendant. | CASE NO.: 4:22-cv-04927-HSG<br><br>**PROTECTIVE ORDER** |

Plaintiff Universal Protection Service, LP d/b/a Allied Universal Security Services ("Plaintiff") and Defendant Ave Seltsam ("Defendant"), by and through their respective undersigned counsel, moved this Court to enter a Stipulated Protective Order ("Protective Order"). Unless this Order includes a clause that explicitly states that a local civil rule is modified as applied to this case, nothing in this Protective Order shall be construed to modify the provisions, operation, or effect of any local civil rule of this court. Notwithstanding any other clause to the contrary, this Order cannot be modified except by court order. The Court orders the following:

1. As used in this Protective Order, these terms have the following meanings:

    a. "Attorney" and "counsel" each mean counsel of record for each of the parties to this civil action;

    b. "Party," and its plural, means any party to this civil action;

    c. "Document" and "material" each mean any materials within the scope of Fed. R. Civ. P. 26(c);

    d. "Confidential" documents are those designated pursuant to Paragraph 2 of this Protective Order and shall mean that the document is comprised of personal or financial information and/or trade secrets or other confidential research, development, or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential;

    e. "Outside Vendors" means any messenger, copy, coding, and other clerical-services vendors employer by a party or its Attorneys;

    f. "Written Assurance" means an executed document in the form attached as Exhibit A;

    g. "Authorized person" means any person or entity described in Paragraph 4; and

    h. "Expert," and its plural, means an expert retained by a Party through a formal engagement letter in connection with the above-captioned civil action.

2. A Party may designate a document as "Confidential" when said document contains "Confidential" information as defined in 1.d of this Protective Order to protect information within the scope of this Protective Order and Fed. R. Civ. P. 26(c). "Confidential" designations must be clearly marked and visible on the face of each page of the designated document or material that any Party wishes to designate as "Confidential."

3. A Party may designate a document as "Highly Confidential – Attorneys' Eyes Only" when said document contains customer lists, customer contact information, bid information, and/or pricing information, by either orally stating so on the record, or in writing, prior to or contemporaneously with the disclosure of such information. "Highly Confidential – Attorneys' Eyes Only" designations must be clearly marked and visible on the fact of each page of the designated document or material that any Party wishes to designate as "Highly Confidential – Attorneys' Eyes Only."

4. All "Confidential" and "Highly Confidential – Attorneys' Eyes Only" documents, along with the information contained in the documents, shall be used solely for the purpose of this action, understanding that each party reserves the right to objection to the propriety of the use of any information and/or documents in this action. No person receiving "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents shall directly or indirectly use, transfer, disclose, or communicate in any way the documents or their contents to any person other than the Authorized Persons described in Paragraph 4 of this Protective Order. Any other use is prohibited.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" subject to the same protections and constraints afforded to the Parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall presumptively not be "Confidential" or "Highly Confidential – Attorneys' Eyes Only" if not so marked by the

third party. However, nothing herein prohibits either Party from seeking the Court's approval to have a document produced by a third party marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

6. Access to any Confidential document shall be limited to the following Authorized Persons:

    a. the Parties (where a Party is a corporation or other business entity, access shall be limited to those executive and high-level management employees who are actively assisting the Party in the litigation of this case);

    b. the Parties' Attorneys (including personnel of the Attorneys' law firms only as needed) and Outside Vendors;

    c. the Court and its staff;

    d. persons shown on the face of the document to have authored or received it;

    e. court reporters retained to transcribe testimony; and

    f. experts and outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who may give testimony in this action or who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

7. Except as may be otherwise provided by further order of the Court or stipulation by the Parties, information designated as "Highly Confidential – Attorneys' Eyes Only" shall be disclosed only to:

    a. the receiving Party's counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b. expert witnesses or expert consultants to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Written Assurance" in the form attached as Exhibit A; and

  c. the judiciary/court, its employees and its agents, provided, however, that no party shall file any documents or other materials designated as "Highly Confidential – Attorneys' Eyes Only" with the Court (whether in a pleading, motion, or otherwise) unless the documents or other materials are redacted, as discussed below, or filed under seal:

   i. members of the jury in this case;

   ii. any ADR facilitator, including a private mediator, and that person's support staff, to whom it is reasonably necessary to disclose the information for this litigation;

   iii. court reporters, their transcribers, assistants, and employees to whom disclosure is necessary for this litigation; and

   iv. non-party witnesses who have signed the "Written Assurance." (Exhibit A)

8. Each outside independent person appropriately designated pursuant to Paragraph 6(f) of this Protective Order to receive Confidential Information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least ten (10) days prior to disclosure to any such outside independent person who is known to be an employee or agent of, or consultant to, any actual or prospective competitor of the Party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought that is sufficient to permit an objection to be made to such disclosure. If a Party objects in writing to such disclosure within ten (10) days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

9. All depositions or portions of depositions taken in this action that contain confidential information may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded to other "Confidential"

documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within ten (10) days of the Party's receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" during the ten (10) day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information shall be taken only in the presence of persons who are qualified to have access to such information pursuant to Paragraph 4 of this Protective Order.

10. Any producing Party who inadvertently fails to identify documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall, upon discovery of the oversight, promptly provide written notice to the receiving Party of the error and substitute appropriately-designated documents. Within seven (7) days of its receipt of the substitute documents, the receiving Party shall retrieve all improperly-designated documents from persons not authorized to receive those documents pursuant to Paragraph 4 of this Protective Order and shall return or destroy the improperly-designated documents. The documents must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

11. Any documents (including briefs), tangible things or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial shall retain their protected confidential status provided that the disclosing party causes the documents, tangible things or information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to be filed under seal.

12. A receiving party may challenge a producing party's "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a

1  challenge notice to advise the receiving party whether it will change the designation. If
2  the parties are unable to reach agreement after the expiration of this ten (10) business day
3  time-frame, the receiving party may at any time thereafter seek an order to alter the
4  confidential status of the designated information. Until any dispute under this paragraph
5  is ruled upon by the presiding judge, the designation will remain in full force and effect,
6  and the information will continue to be accorded the confidential treatment required by
7  this Protective Order.

8  13. Within sixty (60) days of the termination of this action, including any appeals, each Party shall either destroy or return to the opposing Party all documents designated by the producing Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each Party shall provide a certification as to such return or destruction within the sixty (60) day period. However, each Party's Attorneys shall be entitled to retain an internal set of all attorney work product, all documents filed with the Court, and all correspondence generated in connection with this civil action.

14. Any Party may apply to the Court for a modification of the Protective Order and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. Nothing in this Protective Order shall waive or limit a Party's right to use, disseminate or disclose its own Confidential documents to others. Rather, the limitations imposed by this Protective Order apply to the opposing Party that receives the Confidential documents and solely for the purposes of the treatment of Confidential materials produced as part of this action.

16. This Protective Order shall not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or protection, nor is this Protective Order intended to waive or limit a Party's right to contest any privilege or protection claim that may be

asserted with respect to materials produced except to the extent stated herein.

17. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in this civil action or of any position as to discoverability or admissibility of evidence.

18. This Protective Order is not intended to hinder in any way the use of Confidential documents by the Court or its staff for the purpose of judicial administration.

19. The obligations imposed by the Protective Order shall survive the termination of this action.

20. This Protective Order in no way limits the Court's ability to disclose the information covered by this Protective Order as the Court deems appropriate.

SO ORDERED.

SIGNED this 11th day of October, 2022.

_____
Hon. Haywood S. Gilliam, Jr.
United States District Court for the
Northern District of California