JEREMY T. NAFTEL (SBN 185215)
jnaftel@martensonlaw.com
LAUREN B. KALFSBEEK (SBN 322153)
lkalfsbeek@martensonlaw.com
ALEX A. SMITH (SBN 317224)
alexsmith@martensonlaw.com
MATTHEW D. CRAWFORD (*admitted pro hac vice*)
mcrawford@martensonlaw.com
MARTENSON, HASBROUCK & SIMON LLP
455 Capitol Mall, Suite 400
Sacramento, California 95814
Telephone:  (916) 970-1434
Facsimile:   (404) 909-8120

Attorneys For Plaintiff
UNIVERSAL PROTECTION SERVICE, LP D/B/A ALLIED UNIVERSAL SECURITY SERVICES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES, <br><br> Plaintiffs, <br><br> v. <br><br> AVE SELTSAM, <br><br> Defendant. | CASE NO.: 4:22-cv-04927-HSG <br><br> **STIPULATED INJUNCTION AND FINAL JUDGMENT** |

STIPULATED INJUNCTION AND FINAL JUDGMENT        1

Case No.: 4:22-cv-04927-HSG

**STIPULATED INJUNCTION AND FINAL JUDGMENT**

IT IS STIPULATED AND AGREED by Plaintiff Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied Universal" or "Plaintiff"), on the one hand, and Defendant Ave Seltsam ("Seltsam" and/or "Defendant") on the other hand, by and through their attorneys of record, that, in connection with the resolution of the matters at issue in this action, Plaintiff and Defendant consent to the entry of this Stipulated Injunction and Final Judgment (the "Stipulated Injunction"). Plaintiff and Defendant may be collectively referred to as the "Parties."

**1.    Definitions.**

A.    The term "Allied Universal" means Plaintiff Universal Protection Service, LP d/b/a Allied Universal Security Services, and shall include its past and present parent, subsidiary, affiliate, predecessor, and/or successor companies, if any, as well as its divisions, joint ventures, and entities or individuals acting under, by, through, or in concert with Allied Universal, including Allied Universal's past and present owners, officers, directors, shareholders, general or limited partners, board members, owners, employees, contractors, insurers, agents, and attorneys, and/or agents and their respective predecessors, successors, and assigns, if any.

B.    The term "Plaintiff" means Allied Universal.

C.    The term "Seltsam" or "Defendant" means Defendant Ave Seltsam, an individual person.

D.    The term "Restricted Customer" shall mean any customer(s)/client(s) of Allied Universal that Seltsam directly serviced or learned confidential information about during her employment with Allied Universal.

E.    The term "Restricted Period" shall mean the time period from the Effective Date of the instant Stipulated and Final Injunction through August 22, 2024 .

**2.    Preliminary Stipulations.**

A.    This Stipulated Injunction is being entered pursuant to the agreements and stipulations of the Parties contained herein.  The Parties stipulate, and the Court finds based on such stipulation,

that this Court has jurisdiction over the subject matter of this action and over the Parties for purposes of this Stipulated Injunction, that venue is proper, and that all substantive and procedural prerequisites to the entry of this Stipulated Injunction, as well as its enforceability under and/or its compliance with the Federal Rules of Civil Procedure, have been met and/or are hereby waived by the Parties.

B.     The entry of this Stipulated Injunction resolves all demands for monetary damages, injunctive relief, or other relief, whether at law on in equity of any nature whatsoever, that were or might have been asserted in this matter.

C.     The Parties stipulate that this Stipulated Injunction may be entered without Findings of Fact and Conclusions of Law and waive all rights to request such findings or conclusions.

D.     The Parties stipulate that this Stipulated Injunction may be entered without the need for Allied Universal to post a bond or any other security.

**3.     Injunctive Relief.**

Based upon the stipulations of the Parties as well as the findings set forth herein, the Court is of the opinion and finds that this Stipulated Injunction should be rendered and entered.  It is therefore:

A.     **ORDERED** that Defendant is enjoined and restrained from accessing, using, or disclosing Allied Universal's trade secrets and confidential or proprietary information, including but not limited to (a) Plaintiff's formulae and processes used to calculate and negotiate prices to be charged to customers; (b) employee wages and other personnel information; (c) Plaintiff's customers, including customer lists, preferences, contact information, contractual terms, prices, and billing histories; (d) Plaintiff's finances, including financial statements, balance sheets, sales data, forecasts, and cost analyses; (e) Plaintiff's plans and projections for business opportunities for new or developing business, including marketing concepts and business plans; (f) Plaintiff's research and development activities, technical data, computer files, and software; (g) Plaintiff's operating methods, business processes and techniques, services, products, prices, costs, service performance, and operating results; (h) all written, graphic, electronic and other material relating to any of the

foregoing; and (i) the documents sent from the email address ave.seltsam@aus.com to the email address aveseltsam@gmail.com and any and all attachments thereto, including but not limited to the following documents (hereinafter collectively referred to as the "Documents"):

i. The document entitled "Allied Universal Security Services Proposal for [Client A]" emailed by Seltsam to her personal email account on August 23, 2022.

ii. The document entitled "Transition Plan Template – Legal edits blended" emailed by Seltsam to her personal email account on August 22, 2022.

iii. The document entitled "[Client B] 2023 Budget" emailed by Seltsam to her personal email account on August 19, 2022.

iv. The template communication emails Seltsam sent to her personal email account on August 19, 2022.

v. The documents entitled, "Book1" and "m1" emailed by Seltsam to her personal email account on August 18, 2022.

vi. The June 2022 email chain discussing Allied Universal's efforts to retain the business of [Client C] emailed by Seltsam to her personal email account on August 18, 2022.

vii. The documents entitled "2023 Rate Increase Process Kickoff," "Dirty Dozen 2022-Lack of Resources," "AU Training Bulletin – Safe and Tactical Interaction", "WFM-Artificial Cell Closing" and "(vignette) Enterprise Accounts – MSA Security_Response to Threats," and "system-lockout.pdf" emailed by Seltsam to her personal email account on July 22, 2022.

viii. The document entitled "062022 Lead Reports" emailed by Seltsam to her personal email account on July 18, 2022.

ix. The document entitled "Script," emailed by Seltsam to her personal email account on July 14, 2022.

/ / /

STIPULATED INJUNCTION AND FINAL JUDGMENT         4

Case No.: 4:22-cv-04927-HSG

      x.    A document entitled "Copy of [Client D] Budget" emailed by Seltsam to her personal email account on July 6, 2022.

      xi.    The email chain entitled "Weekly New Business Report – Privileged" and the attached document entitled "Allied Universal Security Services Revised Pricing Summary" emailed by Seltsam to her personal email account on June 14, 2022.

      xii.    The document entitled "PIG Leads – Proposals 2022-04-28-12-26-04" emailed by Seltsam to her personal email account on May 5, 2022.

      xiii.    The document entitled "Allied Universal Presentation for [Client E]" emailed by Seltsam to her personal email account on April 25, 2022.

      xiv.    The document entitled "2022.04.18_AUS Service Agreement [Client F] Comments_AUS 4.20.22 redlines" emailed by Seltsam to her personal email account on April 22, 2022.

      xv.    The document entitled "Allied Universal Services Agreement for [Client G]" emailed by Seltsam to her personal email account on April 14, 2022.

    B.    **ORDERED** that during the Restricted Period the prohibition against "use" in Section 3(A) of this Stipulated Injunction and Final Judgment shall be interpreted to prohibit Seltsam, and anyone acting in concert with her, from soliciting or attempting to solicit any customer referenced in any of the Documents where such solicitation, including but not limited to the obtaining of customer contact information and/or discussions of pricing, service parameters, staffing needs or other elements of the anticipated services to be provided, is based upon information contained in the Documents.

    C.    **ORDERED** that, to the extent she has not already done so, Seltsam must immediately destroy all of Allied Universal's trade secrets and confidential or proprietary information currently in her possession, including but not limited to the Documents sent from the email address ave.seltsam@aus.com to the email address aveseltsam@gmail.com and any and all attachments thereto.

**4.    Retention of Jurisdiction.**

During the Term of this Stipulated Injunction, the Parties may apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or implementation of this Stipulated Injunction and Final Judgment or any of its provisions, or for the enforcement of compliance therewith and the punishment of violations thereof.

**5.    Other Relief.**

All of Plaintiff's claims are hereby dismissed with prejudice to the refiling of same, with each Party to bear his or its own costs and expenses except as otherwise provided in the Parties' confidential Settlement Agreement. All other relief not expressly granted herein is DENIED.

Signed this 10th day of August, 2023.

_____
Hon. Haywood S. Gilliam, Jr.
United States District Court for the
Northern District of California

**AGREED TO AS TO FORM AND SUBSTANCE:**

| | |
|---|---|
| */s/      Alex A. Smith* | */s/      Caroline H. Mankey* |
| Matthew D. Crawford | Caroline H. Mankey |
| (*admitted pro hac vice*) | CA State Bar No. 187302 |
| mcrawford@martensonlaw.com | Caroline.mankey@akerman.com |
| Jeremy T. Naftel | |
| CA State Bar No. 185215 | **AKERMAN LLP** |
| jnaftel@martensonlaw.com | 601 West Fifth Street |
| Lauren B. Kalfsbeek | Suite 300 |
| CA State Bar No. 322153 | Los Angeles, CA 90071 |
| lkalfsbeek@martensonlaw.com | Telephone:     (213) 688-9500 |
| Alex A. Smith | Facsimile:     (213) 627-6342 |
| CA State Bar No. 317224 | |
| alexsmith@martensonlaw.com | *Counsel for Defendant* |

**MARTENSON, HASBROUCK, & SIMON, LLP**
455 Capitol Mall, Suite 400
Sacramento, California 95814
Telephone:     (916) 970-1434
Facsimile:     (404) 909-8120

*Counsel for Plaintiff*